IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>NESV Ice, LLC<br><br>　　　　Debtor. | Chapter 11<br>Case No. 21-11226 |
| In re:<br><br>NESV Swim, LLC<br><br>　　　　Debtor. | Chapter 11<br>Case No. 21-11231 |
| In re:<br><br>NESV Tennis, LLC<br><br>　　　　Debtor. | Chapter 11<br>Case No. 21-11232 |
| In re:<br><br>NESV Land East, LLC<br><br>　　　　Debtor. | Chapter 11<br>Case No. 21-11230 |
| In re:<br><br>NESV Field, LLC<br><br>　　　　Debtor. | Chapter 11<br>Case No. 21-11227 |
| In re:<br><br>NESV Hotel, LLC<br><br>　　　　Debtor. | Chapter 11<br>Case No. 21-11228 |
| In re:<br><br>NESV Land, LLC<br><br>　　　　Debtor. | Chapter 11<br>Case No. 21-11229 |

**MOTION BY DEBTORS AND DEBTORS-IN-POSSESSION FOR
ENTRY OF ORDER DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES**
*(Request for Automatic Allowance Pursuant to MLBR 1015-1(c))*

The above-captioned debtors and debtors-in-possession (the "Debtors")[1] hereby move this Court for the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rule 1015-l(a) and (c) of the Massachusetts Local Bankruptcy Rules ("MLBR") directing the joint administration of their Chapter 11 cases for procedural purposes only. The Debtors are affiliates within the meaning of 11 U.S.C. §101(2) and share similar and limited bodies of creditors. Approval of this motion will dispense with otherwise unnecessary and potentially duplicative filings and will ease the administrative burden on the Court and all parties in interest. The Debtors request that this Court designate the case captioned as *In re NESV Ice, LLC* (Case No. 21-11226) as the lead case in these bankruptcy proceedings, and use the caption set forth in paragraph 19 hereof.

In further support of this motion, the Debtors state as follows:

## BACKGROUND

1. On August 26, 2021 (the "Petition Date"), the Debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* ("Bankruptcy Code") with this Court.

2. The Debtors continue to operate as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or committee has

---

[1] The Debtors, along with the last four digits of each debtor's tax identification number, are as follows: NESV Ice, LLC (1262), NESV Swim, LLC (5919), NESV Tennis, LLC (6937), NESV Land East, LLC (4138), NESV Field, LLC (5539), NESV Hotel, LLC (9151), and NESV Land, LLC (2353),

2

been appointed in these cases.

    A.    **The Project.**

3.    New England Sports Village (the "Village") is a planned athletic, entertainment, and hospitality complex located on a 138.3-acre site in Attleboro, Massachusetts. The project has three phases. Phase one, which saw the construction of a premier ice rink facility, is complete. Phase two provides for the construction of a field house and a 150-room hotel geared toward visitors and corporate events. The planned field house provides for indoor and outdoor fields, and cater to traditional sports such as soccer, lacrosse, field hockey, baseball, and gymnastics, and will offer other recreational and food and beverage amenities. Phase three contemplates the construction of a tennis, aquatics, and wellness center. The Village also has plans for an outdoor adventure course with ropes and zip-lining.

    B.    **The Debtors**

4.    Each of the Debtors is a Delaware limited liability company that owns a parcel of real property in Attleboro, Massachusetts. Non-debtor Ajax 5Cap NESV, LLC ("Ajax 5Cap") owns one hundred percent of the membership interests of each Debtor. Stuart Silberberg is the sole manager of each Debtor.

5.    NESV Ice, LLC ("Ice") has twenty-six (26) employees and owns and operates its business from a 12.4-acre parcel of real property located at 1395 Commerce Way, Attleboro, Massachusetts, which is improved by a skating rink

doing business as New England Sports Village (the "Rink"). Ice grants various third parties non-exclusive licenses to use and enjoy the Rink, primarily for ice hockey games, practices and figure skating, in exchange for fees. Ice generates additional revenue through other activities, team use and events planned by rink management, including teams sponsored and owned by the Rink.

6. The construction of Ice's Rink was the first phase of the Debtors' three phase development of a planned athletic, entertainment, and hospitality complex in Attleboro, Massachusetts. Ice is the only Debtor with active operations.

7. NESV Swim, LLC ("Swim") is a Delaware limited liability company. Swim owns a 6.8-acre parcel of real property located at located at 1395 Commerce Way, Attleboro, MA 02703. Swim's long-term business plans include the construction and operation of a first-class aquatics center.

8. NESV Tennis, LLC ("Tennis") is a Delaware limited liability company. Tennis owns a 19.7-acre parcel of real property located at located at 1395 Commerce Way, Attleboro, MA 02703. Tennis's long-term business plans include the construction and operation of a premier tennis facility.

9. NESV Land East, LLC ("Land East") is a Delaware limited liability company. Land East owns a 35-acre parcel of real property located at located at 1395 Commerce Way, Attleboro, MA 02703. Land East's business plan includes, subject to obtaining applicable zoning variances, selling its land to a developer or developers for large scale commercial (e.g. warehouse or distribution facilities) or residential use.

10. NESV Field, LLC ("Field") is a Delaware limited liability company. Field owns a 21.7-acre parcel of real property located at located at 1395 Commerce Way, Attleboro, MA 02703. Field's long-term business plans include the construction and operation of the field house.

11. NESV Hotel, LLC ("Hotel") is a Delaware limited liability company. Tennis owns a 9.2-acre parcel of real property located at located at 1395 Commerce Way, Attleboro, MA 02703. Hotel's long-term business plans include the construction and operation of either a sports facility ancillary to the Village or a self-storage facility.

12. NESV Land, LLC ("Land") is a Delaware limited liability company. Land owns a 34.5-acre parcel of real property located at located at 1395 Commerce Way, Attleboro, MA 02703. Like Land East, Land's long-term business plan includes, subject to obtaining applicable zoning variances, selling its land to a developer or developers for large scale commercial or residential use.

C. **Events Precipitating The Bankruptcy Filings.**

13. As described in the forthcoming *Affidavit of Stuart Silberberg in Support of the First Day Motions and Applications*, the Debtors' bankruptcy filings were precipitated primarily by the foreclosure sale noticed by the alleged holder of the Debtors' senior secured debt, SHS ACK, LLC ("SHS"), which in December 2020 allegedly acquired that debt from HarborOne Bank.

14. The Debtors' operations and ability to complete the development of

the Village also have been hampered by litigation (the "CSM Litigation") with the contractor who built the Rink, Construction Source Management, LLC ("CSM"), and its principal, John C. Kelly ("Kelly"), as well as by the COVID-19 pandemic, which caused the Rink to be shut down for approximately four months and has caused other operational challenges and restrictions since February 2020. Early 2021 saw Ice's fortunes improve substantially, however, as its revenues and bookings have trended steadily upwards.

15. Prior to the Petition Date, the Debtors had extensive discussions with SHS about restructuring the loans to reflect the Debtors' current operating position, and the downturn in Ice's revenue due to the pandemic. SHS declined to restructure the loans on terms acceptable to the Debtors,[2] and instead elected to foreclose, forcing the Debtors to file these bankruptcy proceedings in order to preserve the value of their assets and their opportunity to reorganize and restructure the loans.

## RELIEF REQUESTED

16. Federal Rule of Bankruptcy Procedure 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates."

---

[2] One of the primary obstacles to a consensual restructuring has been HarborOne's improper December 2020 application of the default rate of interest to the Debtors' obligations under the loan documents, retroactive to nearly three years earlier, thereby artificially inflating the amounts allegedly owed by the Debtors by millions of dollars. SHS, which appears to have acquired the loans immediately after HarborOne's imposition of the default rate, has maintained that it is entitled to receive all of the default interest.

17. MLBR 1015-l(a) provides that "the court shall grant the motion for joint administration if it is likely to ease the administrative burden on the parties and the court."

18. Pursuant to MLBR 1015-1(c), a motion for joint administration "shall be treated as an emergency motion and shall be allowed effective upon filing, subject to reconsideration" if filed contemporaneously with the debtors' petitions.

19. By this Motion, the Debtors seek entry of an order authorizing joint administration of these chapter 11 cases for procedural purposes only. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to NESV Ice, LLC and that these cases be administered under the following consolidated caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)**

| In re: <br><br> NESV ICE, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br> Case No. 21-11226 <br><br> Jointly Administered |
|---|---|

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are as follows: NESV Ice, LLC ("Ice") (1262), NESV Swim, LLC ("Swim") (5919), NESV Tennis, LLC ("Tennis") (6937), NESV Land East, LLC ("Land East") (4138), NESV Field, LLC ("Field") (5539), NESV Hotel, LLC ("Hotel") (9151), and NESV Land, LLC ("Land") (2353).

20.    Joint administration of the Debtors' cases is appropriate. The Debtors share a common corporate parent and substantial commonality in their limited bodies of creditors. Each Debtor is an obligor on the loans that gave rise to the threatened foreclosures that precipitated the filing of these cases.  The real property owned by each Debtor collectively forms a contiguous body of property on much of which the Village is to be further developed.

21.    The Debtors expect to file notices, applications, motions, and other pleadings and orders that are applicable to all Debtors. Indeed, the Debtors other than Ice have only a handful of creditors, all of which they share with Ice.

22.    Joint administration will permit all parties in interest to include all of the Debtors' respective cases in a single caption on the documents that will be filed and served in these cases. Joint administration will also enable parties in interest in each case to remain informed of the various matters before the Court in all of the cases and will enable all of the Debtors to utilize a single creditor service list, eliminating duplication.

23.    Joint administration will permit the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of all of the Debtors' respective estates and other parties in interest. Joint administration will also simplify the supervision of the administrative aspects of the Chapter 11 Cases by the Court and the Office of the United States Trustee.

24.    The entry of an order of joint administration will significantly reduce

the number of pleadings that otherwise would be filed with the Clerk of this Court, render the completion of various administrative tasks less costly, and minimize the number of unnecessary delays.

25. The Debtors are not aware of any facts that would give rise to actual or potential conflicts of interest caused by joint administration. The Debtors are not seeking substantive consolidation of their Chapter 11 cases through this motion. The rights of the creditors of each of the Debtors will not be adversely affected nor prejudiced by the entry of an order directing joint administration.

26. To the extent that proofs of claim are required to be filed against the Debtors, each creditor will be entitled, and required, to file a claim against the particular estate that is indebted to such creditor (unless substantive consolidation is otherwise requested and granted). Should this Motion be allowed, each of the Debtors will keep separate and account for the assets and liabilities of each of their respective estates.

27. For all of the foregoing reasons, the Debtors respectfully request that the Court enter an Order providing for the joint administration of the Debtors' cases. The Debtors believe that joint administration of the respective Debtors' estates is warranted and will ease the administrative burden for the Court and the parties.

## NOTICE

28. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Massachusetts; (b) SHS; (c) Ashcroft Sullivan

Sports Village Lender, LLC; (d) the creditors holding the twenty (20) largest claims against each Debtor's estate; (e) any party requesting notice in these Chapter 11 cases; and (f) all known taxing authorities that have claims against the Debtors. In light of the relief requested herein, the Debtors submit that no other or further notice is required.

**WHEREFORE,** the Debtors respectfully request the entry of an order: (a) authorizing the joint administration of the Debtors' Chapter 11 cases, (b) designating Ice's Chapter 11 case *(In NESV Ice, LLC,* No. 21-11226) as the lead case, and (c) granting such other and further relief as the Court deems appropriate.

    Respectfully Submitted,

    NESV Ice, LLC, NESV Swim, LLC, NESV Tennis, LLC, NESV Land East, LLC, NESV Field, LLC, NESV Hotel, LLC, and NESV Land, LLC

    By their attorneys,

    */s/ Joseph M. Downes III*
Joseph M. Downes III (BBO No. 655853)
William S. McMahon (BBO No. 651832)
Downes McMahon LLP
215 Lewis Wharf
Boston, MA 02110
(617) 600-6430
jdownes@dmlawllp.com

Dated:   August 26, 2021

10