UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: ) | |
| NESV ICE, LLC ) | CHAPTER 11 |
| Debtor ) | CASE NO. 21-11226-CJP |
| ) | |

## OBJECTION TO RULE 2004 EXAMINATION

Now comes Ashcroft Sullivan Sports Village Lender, LLC, ("ASSVL"), secured creditor and mortgagee in the above-entitled action and hereby files this objection to the motion of SHS ACK LLC ("SHS") the purported first mortgagee, to conduct a Rule 2004 examination of ASSVL.

In support of said objection, ASSVL refers the Honorable Court to the following.

ARGUMENT

While Rule 2004 Examinations are broadly allowed there are, nonetheless, restrictions and limitations on a party's right to conduct a Rule 2004 examination. In fact, the rule itself states that "[o]n motion . . . the court *may* order the examination of any entity." Fed. R. Bankr. P. Rule 2004(a) (emphasis supplied). Clearly, the court has discretion whether it should allow the examination in the first instance and must "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Drexel Burnham Lambert Group, Inc*., 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991). In support of SHS' motion to conduct the examination of ASSVL, SHS claims that at the 341 meeting of the creditors, the Debtor's principal, Mr. Stuart Silberberg was unable to testify to "how the Debtors and/or Ajax used the $7.5 million dollars that was loaned to Ajax by Ashcroft Sullivan" [¶¶17

1

Doc. #95]. Thus, as presented to the court, SHS' sole reason and support for its request to examine ASSVL is that it was not satisfied by the answer given to the Chapter 11 trustee by Mr. Silberberg regarding these loan proceeds. ASSVL submits that this is not a sufficient enough basis to grant it unfettered access to a co-creditor's files.

Additionally, a Rule 2004 examination of ASSVL will not produce any meaningful information as to what the Debtor did or did not do with the proceeds from the loan from ASSVL, but will only exact an extreme amount of pressure, time and cost to ASSVL. The only real reason for the instant request is for bullying purposes and not meant to uncover any useful, necessary or meaningful information that impacts SHS one way or the other. As Judge Glennon aptly stated in denying a debtor's Rule 2004 examination request of a creditor, in the GHR Energy Corp. case, "[w]hile it is true, in some instances, that creditors may possess information relative to the debtor's business and conduct which the debtors do not possess, this would be the exception." *In re GHR Energy Corp.*, 33B.R. 451, 455 (Bankr. D. Mass. 1983). Surely, when balancing the competing interests of the parties with respect to the request to conduct a 2004 examination of a co-creditor, the movant's motivations must be analyzed and shown to be relevant. It has been widely held among bankruptcy courts that a Rule 2004 examination must be both relevant and reasonable and "may not be used to annoy, embarrass or oppress the party being examined." *In re Symington,* 209 B.R. 678, 685 (Bankr. D.Md.1997) (citations omitted). This is precisely what SHS is attempting to do.

A superior lien creditor in reorganization is unaffected by the consideration, terms and obligations of the loan arrangement of a subordinate creditor. Assuming SHS's first position lien

is validated, and its proof of claim is proven[1] and assuming further that there is collateral value to support full payment of the claim, the existence or non-existence of subordinate liens is of no consequence to SHS. *See* 11 U.S.C. §506. The value of their claim depends on factors that are entirely independent and irrelevant of the value and validity of a subordinate lienholder's claim. Moreover, only the trustee in bankruptcy has the avoidance powers contained in sections 544, 545, 547 and 548, which would normally be activated in cases where some misuse, preference or other avoidance actions may be at play. SHS has neither the power nor the authorization in the Bankruptcy Code to avoid the transfer or otherwise impact a subordinate creditor's lien. It is reasonably clear that the claims proceedings in this case will inevitably turn into an adversary proceeding between Debtor and SHS and that will enable SHS to utilize the rules of discovery and obtain from the debtor all the information it seeks or needs in connection with the Debtor's activities in building out this project.

Since the Debtor and/or Mr. Silberberg, are in the best (possibly only) position to provide to SHS, its use of the $7.5 million dollars of loan proceeds from ASSVL, and since SHS has not exhausted its efforts to receive that information from the Debtor and/or Mr. Silberberg, consequently, for these and the foregoing reasons, ASSVL respectfully requests that this court deny SHS' motion to conduct a Rule 2004 examination of ASSVL its co-creditor in this case, inasmuch as the same is irrelevant, unnecessary, and meaningless, and will exact an undue burden of time and cost on ASSVL.

---

[1] There have been representations made in various pleadings and or schedules filed that the Debtor may be contesting the value of SHS' claim, however, as represented by SHS, its current claim amount is approximately $19,000,000.

        Respectfully submitted,
Ashcroft Sullivan Sports Village Lender, LLC, Creditor
By its Attorney,

DATED: October 1, 2021      /s/ Gary M. Hogan
        Gary M. Hogan, Esquire BBO# 642002
Baker, Braverman & Barbadoro, P.C.
300 Crown Colony Drive, Suite 500
Quincy, MA  02169
Telephone: (781) 848-9610
garyh@bbb-lawfirm.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In Re:                                    )
NESV ICE, LLC                             )          CHAPTER 11
       Debtor                     )          CASE NO. 21-11226-CJP
                                          )

## CERTIFICATE OF SERVICE

     I, Gary M. Hogan, Esquire do hereby certify that on October 1, 2021, I have served a copy of the *Objection of Ashcroft Sullivan Sports Village Lender, LLC* to the parties listed on the service list below via electronic mail and/or by US mail:

Joseph Downes, III, Esq.   jdownes@dmlawllp.com

William S. McMahon, Esq.   wmcmahon@dmlawllp.com

John Fitzgerald, Esq.   USTPRegion01.WO.ECF@USDOJ.GOV

Thomas Curran, Esq.   tcurran@curranantonelli.com

Paul Carey, Esq.   pcarey@mirickocinnell.com

Michael Mahoney, Esq.   michael@mlmesq.com

Eversource Energy
P.O. Box 2025
Springfield, MA 01102

Hollis Meddings Group, Inc.
345 South Main Street
Providence, RI 02903

Amy J. Megliola
Siddall & Siddall, P.C.
1350 Main Street
Suite 1505
Springfield, MA 01103

                                              /s/Gary M. Hogan
                                              GARY M. HOGAN, ESQ. (BBO #642002)
                                              Baker, Braverman & Barbadoro, P.C.
                                              300 Crown Colony Drive, Suite 500
                                              Quincy, MA 02169
                                              Tel.: (781) 848-9610 Garyh@bbb-lawfirm.com