UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 21-11226 (CJP) |
| NESV ICE, LLC, *et al*,[1] ) | |
| ) | Jointly Administered |
| Debtor. ) | |

**SHS ACK, LLC'S EMERGENCY MOTION FOR PROTECTIVE ORDER
AND TO QUASH THE PLAN PROPONENTS' TRIAL SUBPOENA TO
SHS ACK, LLC'S TRIAL COUNSEL AND MOTION FOR SANCTIONS**
*Request for Emergency Determination*

Pursuant to Local Rule 9013-1(g), secured creditor SHS ACK, LLC hereby moves, on an <u>emergency basis</u>, for a protective order and/or an order to quash the Plan Proponents' trial subpoenas directed at SHS' trial counsel in this matter, Attorneys Thomas H. Curran and Christopher Marks of Curran Antonelli, LLP (the "Subpoenas"). The Court should quash the Subpoenas and enter a protective order herein because those Subpoenas are a harassing ruse meant to distract and disqualify SHS' counsel in this case on the eve of trial or to force SHS' counsel to violate the Massachusetts Rules of Professional Conduct. Moreover, the Plan Proponents inappropriately seek to invade SHS' attorney-client privilege and attorney work-product and adduce wholly irrelevant testimony that has no bearing upon the issues on for trial. Furthermore, any testimony they seek can readily be obtained from its source, HarborOne Bank.

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, are as follows: NESV Ice, LLC ("Ice") (1262), NESV Swim, LLC ("Swim") (5919), NESV Tennis, LLC ("Tennis") (6937), NESV Land East, LLC ("Land East") (4138), NESV Field, LLC ("Field") (5539), NESV Hotel, LLC ("Hotel") (9151), and NESV Land, LLC ("Land") (2353) (collectively referred to as the "Debtors").

Based upon the Plan Proponents' intentional and egregious conduct as articulated herein, SHS further requests that the Plan Proponents and their counsel be sanctioned monetarily pursuant to 28 USC § 1927.

**PRELIMINARY STATEMENT**

Simply put, there is no good faith basis for the Plan Proponents to examine SHS' counsel at the Court's Claim Estimation Hearing (the "Trial") in this matter. It is well settled law within the First Circuit that a trial subpoena directed at opposing counsel must be quashed where that subpoena was issued primarily for purposes of harassment, where there are other viable means to obtain the same evidence, or where the information sought is not relevant, is privileged, or is not crucial to the subpoenaing party's case. *See Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003). Here, the only conceivable purpose of the Subpoenas is to harass SHS and force its counsel to withdraw as trial counsel from these estimation trials or face disciplinary sanctions for violating the Massachusetts Rules of Professional Conduct. The information that is sought from said counsel is either privileged, not relevant to the issue before the Court at Trial or can easily be obtained from other sources, i.e., HarborOne.

Indeed, the Plan Proponents motives for attempting to subpoena SHS' counsel are made clear by their Prehearing Statement filed in this case [ECF No. 483]. In that pleading the Plan Proponents insinuate that SHS' counsel's participation herein runs afoul of Mass. R. Prof. C. 3.7(a) and that they will likely seek to use counsels' contemplated testimony in this case as a basis for disqualification in the Debtors' adversary proceeding against SHS. In other words, the Plan Proponents are seeking to force SHS into testifying herein, in order to gain a tactical advantage over SHS in another case and/or to leverage ethical violations against counsel. Indeed, this is not the first time that the Plan Proponents have attempted to advance frivolous ethical claims against undersigned counsel. As the Court is well aware, in those prior instances

the Plan Proponents' claims were utterly belied by controlling legal precedent which was ignored by the Plan Proponents and their counsel in advancing those claims.

Moreover, the entirety of the scope of the prospective testimony from Attorneys Marks and Curran is set forth at page 6 of the Plan Proponents' *Prehearing Statement* [ECF No. 483]. On its face, the summary of their testimony betrays a complete lack of necessity of their testimony and further confirms the harassing and frivolous nature of the Subpoenas. In particular, as summarized, the information they seek is virtually entirely documentary, i.e., emails and correspondence that speak for themselves and are the "best evidence", under the law, of what transpired and when. Any authentication of the communications and correspondence must come from HarborOne, which authored and/or received the communications. Indeed, it is clear that the Subpoenas will only serve to harass SHS in light of the fact that the Plan Proponents did not even seek SHS' assent or stipulation as to the authenticity of the emails that they want Attorney Marks to "identify". Moreover, calling SHS' counsel to testify at trial to authenticate documents is obviously not the only method available to Plan Proponents to authentic those emails, which were produced by SHS in discovery and are therefore automatically authenticated under controlling 1st Circuit precedent. Incredibly the Plan Proponents also claim that Attorney Marks is needed to testify in order to "confirm" the testimony of another witness Tristan Pierce. These purported nonsensical reasons for subpoenaing SHS' counsel to testify are on their face blatantly inappropriate reasons to disqualify opposing trial counsel on the eve of trial and necessarily delay these trials. For this reason alone, the Court should quash the Subpoenas and sanction the Plan Proponents and their counsel.

Importantly, the issue before the Court at the Trial, as it relates to SHS' claim, is "the date upon which default interest began to accrue on SHS' Loans". *See* ECF No. 440 at ¶1(a). SHS' counsel does not possess any non-attorney client privileged or work product protected information concerning this subject matter. At the Court's status conference conducted on July 19, 2022, counsel for the Plan Proponents stated, for the first time, that they intended to call Attorney Marks to testify at the Trial merely because he was designated as the Rule 30(b)(6) deposition witness for SHS in this case. However, as the Court correctly recognized at the conference, Attorney Marks was designated by SHS to testify about its responses to Shubh Patel, LLC's discovery requests propounded in this case and the collection of responsive documents and emails in SHS' possession custody and control. In other words, Marks was designated as a de facto custodian or keeper of records, not as a percipient witness possessive of relevant trial testimony. SHS' discovery responses are not relevant to the issues presented at trial and therefore there is no basis to subpoena Attorney Marks to testify. Importantly, the Plan Proponents themselves argued in their Motion to Strike his affidavit [ECF No. 428] that Attorney Marks is not a percipient fact witness who can testify about what actions HarborOne did or did not take with respect to the NESV Loans. This outrageous double speak on the part of the Plan Proponents smacks of intentional bad faith and compels the quashing of the Subpoenas and imposition of sanctions.

When pressed for more information by the Court at the Status Conference on the basis for the Plan Proponents' attempts to examine SHS' counsel at Trial, counsel for the Plan Proponents merely stated that Attorney Marks was involved in SHS' due diligence conducted prior to its purchase of the NESV Loans from HarborOne and that Attorneys Curran and Marks were involved in negotiating the loan sale documents with HarborOne's counsel. Clearly, the due

4

diligence that SHS conducted before it purchased the Loans in December 2020 has no bearing, whatsoever, on "the date upon which default interest began to accrue on SHS' Loans".[2] Similarly, SHS' counsel's testimony concerning their involvement in the negotiation of the loan transfer documents with HarborOne has absolutely no relevancy to "the date upon which default interest began to accrue on SHS' Loans". That is an issue arising under the terms of the Loan documents themselves as administered by HarborOne. Any statements made by SHS' counsel to HarborOne during these negotiations could not conceivably effect the accrual of default interest on the loans. Thus, testimony on this subject matter is entirely irrelevant. The notion that SHS' counsel's representation of SHS' in connection with its purchase of the NESV Loans renders them "necessary witnesses" concerning the amounts due under those loans crosses the line from nonsensical to frivolous that the Plan Proponents continue to toe in this case.

Moreover, and setting aside the fact that such testimony is clearly not relevant to the issue before the Court, to the extent that the Plan Proponents seek to adduce hearsay testimony concerning HarborOne's out of court statements to SHS, Tristan Pierce from HarborOne has already been subpoenaed to testify at the Trial. This negates any need, whatsoever, for the Plan Proponents to examine SHS' counsel on this subject matter.

The Court should grant this Motion, quash the Subpoenas and/or enter a protective order herein preventing the Plan Proponents from further harassing SHS or its counsel.

---

[2] It is clear from these statements that the Plan Proponents are attempting to adduce evidence at trial that they believe supports the Debtors' meritless equitable subordination claim being asserted in the Adversary Proceeding and the Debtors' allegations concerning what SHS knew or did not know prior to purchasing the NESV Loans from HarborOne and prior to enforcing its rights under the Loan Documents. While SHS does not concede that inquiry of its counsel is proper in the Adversary Proceeding, it is not, any line of inquiry concerning SHS' due diligence efforts have no bearing on this Trial, and the Plan Proponents should not be permitted to question SHS or its counsel, or anyone else, on this subject matter.

## ARGUMENT

### I.  EMERGENCY DETERMINATION IS REQUIRED PRIOR TO TRIAL

1. SHS seeks emergency determination of the instant Motion because Trial in this matter is scheduled to commence in less than three (3) business days, i.e., Monday July 25, 2022.

2. During the July 19, 2022 status conference in this case counsel for the Plan Proponents stated, for the first time, that they intend to call SHS' counsel, Christopher Marks and possibly, Thomas H. Curran, lead trial counsel, to testify at trial in this case. Following the Status Conference counsel for the Plan Proponents emailed a copy of a trial subpoena directed at Attorneys Marks and Attorney Curran and requested that they accept service of same via email. Attorney Marks told Plan Proponents counsel that they would not accept such service of the Subpoenas.

3. On July 20, 2022, the Plan Proponents filed a Prehearing Statement in which they identified both Attorneys Curran and Marks as potential witnesses at trial.  ECF No. 483.[3]  The Proponents absurdly claim that Attorney Marks is being called to identify documents produced during discovery and confirm the testimony of another witness, Tristan Pierce.  The Plan Proponents proceed to claim that Attorney Curran may be called to testify about default letters sent by HarborOne Bank to the Debtors.

4. During the Status Conference, the Court indicated that to the extent the Plan Proponents call Attorney Marks to testify at the Trial such testimony will occur on July 25, 2022.

5. Therefore, because there are less than three (3) business days prior to the date that SHS' counsel may be required to testify, emergency determination of this Motion is appropriate.

---

[3]  This Prehearing Statement was provided to SHS, for the first time, when it was filed with the Court at 5:57 p.m. on July 20, 2022, i.e., well after "close of business" as defined by counsel for Shubh Patel, LLC during the Court's Status Conference.

## II. THE SUBPOENAS SHOULD BE QUASHED AND A PROTECTIVE ORDER SHOULD ENTER HEREIN

The Plan Proponents' Subpoenas are a blatant attempt to force SHS' counsel in this case to withdraw their representation of SHS pursuant to Massachusetts Rule of Professional Conduct 3.7 on the eve of trial in this matter by forcing them to become witnesses at trial in this case.[4] The Court should deny this underhanded harassment gambit by the Plan Proponents because SHS' counsel are not necessary witnesses at Trial in this case and the Plan Proponents should not be permitted to achieve their disqualification goals in order to obtain a tactical advantage in this case. Indeed, as stated herein, *any* testimony that Attorneys Curran and Marks would provide at trial is either: (i) protected by the attorney client privilege and/or work product doctrine; (ii) is not relevant to the issue before the Court at Trial; or (iii) can be obtained from other sources, namely Tristan Pierce, or another representative from HarborOne Bank.

Therefore, the Court should quash the Subpoenas, enter a protective order and prevent the Plan Proponents from effectuating their scheme to delay these trials and eliminate the proverbial thorn in their side.

---

[4] Massachusetts Rule of Professional Conduct 3.7, *requires* that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

Mass. R. Prof. C. 3.7(a).

**A. Legal Standard for Quashing a Trial Subpoena Directed at Opposing Counsel**

Courts have broad discretion in ruling on motions to quash subpoenas served upon opposing counsel, particularly when the subpoena seeks testimony at trial. *RFF Family P'ship, LP v. Link Dev., LLC*, 68 F. Supp. 3d 260, 261 (D. Mass. 2014). "Although not strictly forbidden, the procurement of trial testimony from opposing counsel is generally disfavored." *Bogosian*, 323 F.3d at 66. The First Circuit Court of Appeals has evaluated the following factors when determining whether to quash a trial subpoena directed at opposing counsel, whether "(i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case". *Ibid*.; *see also RFF Family P'ship, LP*, 68 F. Supp. 3d at 261 (quashing trial subpoena directed at opposing counsel where the subpoena was intended to harass the opposing party by forcing its counsel to withdraw, the testimony purportedly sought from the Attorney was available through other another witness).

**B. The Subpoenas Seek Privileged, Irrelevant Information From SHS' Counsel and/or Information Available from Other Sources and Should Thus be Quashed**

The Subpoenas should be quashed because they have no legitimate purpose and are solely aimed at harassing SHS and its counsel. Indeed, the mere fact that Attorney Marks was designated as the Rule 30(b)(6) witness at a deposition in this case to testify on SHS' behalf about SHS' discovery responses, does not give the Plan Proponents carte blanche to subpoena his testimony at Trial, invade the attorney client privilege and/or work product privilege and question him about irrelevant subject matters, i.e., SHS' due diligence efforts and communications exchanged with HarborOne Bank's counsel. *See e.g., NRDC, Inc. v. Cty. of Dickson*, No. 3:08-0229, 2010 U.S. Dist. LEXIS 134568, at *13 (M.D. Tenn. Dec. 20, 2010) (concluding that a party had not waived its claim of privileges merely from the fact that it

8

designated its trial counsel as its Rule 30(b)(6) witness at deposition). Simply put, Attorney Marks' testimony concerning the documents in SHS' possession and its efforts to respond to Patel's discovery requests does not entitle the Plan Proponents to examine him at Trial in this case.

Moreover, to the extent that the Plan Proponents intend to examine Attorney Marks concerning his involvement in SHS' due diligence conducted prior to its purchase of the NESV Loans, this testimony has absolutely no relevance to the issue before the Court at Trial, i.e., the date on which default interest began to accrue on the NESV Loans. Testimony concerning what documents SHS did or did not receive from HarborOne or review prior to its purchase of the NESV Loans it utterly irrelevant to the claims herein and is also subject to attorney client privilege and attorney work product protections.

Similarly, any testimony that the Plan Proponents contemplate adducing from either Attorney Marks or Attorney Curran regarding negotiations of the loan transfer documents between SHS and HarborOne has no bearing on the pertinent issue before the Court and would clearly invade the attorney client privilege and protections under the work product doctrine. SHS and/or its counsel's communications to HarborOne in 2020 in connection with the drafting of the loan sale documentation are not relevant to the Court's determination of the date on which default interest began – in either 2017 or 2019 – to accrue on the NESV Loans as SHS was not even a party to those loans at that time. Even assuming *arguendo*, that HarborOne's hearsay statements to SHS during its negotiation of the loan transfer documents are relevant to the issue before the Court, which they are not, the Plan Proponents are free to adduce evidence concerning these communications from HarborOne's loan officer Tristan Pierce, who has already been subpoenaed to testify at Trial.

Thus, in light of the foregoing, there is no basis, whatsoever, for the Plan Proponents to subpoena SHS' counsel to testify at Trial and force them to withdraw their representation in this case days prior to Trial herein or risk ethical sanctions. Therefore, the Court should quash the Subpoenas and enter a protective order to prevent any further duplicitous harassment from the Plan Proponents.

### III. THE COURT SHOULD SANCTION THE PLAN PROPONENTS

The Court should sanction the Plan Proponents and their counsel under 28 U.S.C. § 1927 and award SHS its fees and costs associated with defending against their frivolous, vexatious and harassing Subpoenas. Section 1927 authorizes the imposition of sanctions against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Litigation conduct qualifies as 'vexatious' if it is 'harassing or annoying, regardless of whether it is intended to be so.'" *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 245 (1st Cir. 2010) (quoting *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990)); *see also Xiao Wei Catering Linkage in Inner Mong. Co., Ltd. v. Inner Mong. Xiao Wei Yang USA, Inc.*, No. 15-10114-DJC, 2018 U.S. Dist. LEXIS 54488, at *14-15 (D. Mass. Mar. 30, 2018). Furthermore, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons…In this regard, if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party… as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S. Ct. 2123, 2133 (1991) (internal citations and quotations omitted).

The types of litigation conduct the First Circuit has previously found vexatious and unreasonable include attempting to introduce evidence on irrelevant matters in the face of

10

numerous admonitions to desist, and engaging in obfuscation of the issues, hyperbolism and groundless presumptions. *Lamboy-Ortiz*, 630 F.3d at 246.

Here, the Plan Proponents seek to force SHS' counsel to testify at trial concerning matters that are, on their face not relevant to the issue before the Court, i.e., their search of SHS' records during discovery in this case and their negotiations with counsel for HarborOne over the documentation of SHS' purchase of the NESV loans. Moreover, it is obvious from the summary of expected testimony filed by the Plan Proponents that **all** the testimony that they seek to adduce from SHS' counsel can be gleaned from other sources, i.e., the underlying emails they seek to authenticate, or Tristan Pierce whose testimony Attorney Marks is supposedly expected to corroborate. Indeed, it strains credulity to its breaking point that the Plan Proponents' counsel, who have decades of trial experience between them, have a good faith basis to subpoena SHS' trial counsel to authenticate documents whose authenticity has not been challenged or to "confirm" another witnesses' testimony.

The Plan Proponents take their duplicitous conduct one step further and insinuate that undersigned counsel's participation in this case is somehow a violation of their obligations under the Massachusetts Rules of Professional Conduct. ECF No. 483 pg. 5. This is merely the most recent, and most outrageous, in a long line of the Plan Proponents use of thinly veiled threats of ethical violations against SHS' counsel to in the hopes of obtaining a tactical advantage in this case and the Debtors' adversary proceeding. As this Court is aware, in all of those prior instances the Plan Proponents claims against undersigned counsel were belied by controlling caselaw and lacked any merit whatsoever. It is becoming increasingly more troubling as this case progresses that the Plan Proponents, who have provided outright false testimony and have actively misled the Court and creditors concerning the material facts of this case, reflexively turn

11

to meritless threats against SHS' counsel every time SHS exposes their foregoing fraudulent conduct. This conduct in and of itself warrants sanctions.

Thus, the Court should decline to countenance the Plan Proponents' continued harassing and vexatious actions and sanction them and their counsel pursuant to 28 U.S.C. § 1927 for forcing SHS to defend against their ignorant conduct in this case.

## CONCLUSION

WHEREFORE secured creditor SHS ACK, LLC hereby respectfully requests that the Court: (i) GRANT this emergency Motion, (ii) QUASH the trial Subpoenas directed at its counsel herein; (iii) ENTER a protective order in its favor, (iv) AWARD sanctions against the Plan Proponents and their counsel and (v) GRANT any other or further relief as the Court deems just and proper.

## CERTIFICATE PURSUANT TO LOCAL RULE 9013-1

Pursuant to Local Rule 9013-1(g)(1)(C) undersigned counsel hereby certifies that they have informed the Plan Proponents counsel of the relief sought herein prior to the filing of this instant Motion.

Respectfully submitted,

SHS ACK, LLC

By its attorneys,

/s/ *Thomas H. Curran*
Thomas H. Curran, BBO# 550759
tcurran@curranantonelli.com
Peter Antonelli, BBO# 661526
pantonelli@curranantonelli.com
Christopher Marks BBO# 705612
cmarks@curranantonelli.com
Curran Antonelli, LLP
Ten Post Office Square, Suite 800 South
Boston, MA 02109
Telephone: (617) 207-8670

Dated: July 21, 2022

12

**CERTIFICATE OF SERVICE**

I, Thomas H. Curran, hereby certify that on this 21st day of July 2022, a copy of the foregoing was filed electronically. Notice of this will be sent by e-mail to all parties by operation of the Court's electronic filing system as set forth below. Parties may access this filing through the Court's system.

- Joseph Christopher Amrhein, Jr on behalf of Creditor Ashcroft Sullivan Law (camrhein@ashcroftlawfirm.com)

- Peter Antonelli on behalf of secured SHS ACK, LLC (pantonelli@curranantonelli.com, tcurran@curranantonelli.com;curranantonelli@ecf.courtdrive.com)

- Charles R. Bennett, Jr. on behalf of Other Party Shubh Patel LLC (cbennett@murphyking.com, bankruptcy@murphyking.com; imccormack@murphyking.com;ecf-ca5a5ac33a04@ecf.pacerpro.com)

- Paul W. Carey on behalf of Creditor Construction Source Management, LLC (pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com)

- Christopher M. Condon on behalf of Other Party Shubh Patel LLC (ccondon@murphyking.com, imccormack@murphyking.com;ecf 06e49f159ba0@ecf.pacerpro.com)

- Kathleen R. Cruickshank on behalf of Other Party Shubh Patel LLC (kcruickshank@murphyking.com, bankruptcy@murphyking.com; tlombardi@murphyking.com; ecf-f3829d9f3bd3@ecf.pacerpro.com)

- Thomas H. Curran on behalf of Creditor SHS ACK, LLC (tcurran@curranantonelli.com, curranantonelli@ecf.courtdrive.com; cmarks@curranantonelli.com)

- Joseph M. Downes, III on behalf of the Debtors (jdownes@dmlawllp.com)

- John Fitzgerald (USTPRegion01.BO.ECF@USDOJ.GOV)

- Kate P. Foley on behalf of Creditor Construction Source Management, LLC (kfoley@mirickoconnell.com)

- Gary M. Hogan on behalf of Creditor Ashcroft Sullivan Sports Village Lender, LLC (garyh@bbb-lawfirm.com, jessicac@bbb-lawfirm.com;kimberlyk@bbb-lawfirm.com)

- Donald Ethan Jeffery on behalf of Other Party Shubh Patel LLC (ejeffery@murphyking.com, dkonusevska@murphyking.com)

- Donald R. Lassman on behalf of Other Party Shubh Patel LLC (don@lassmanlaw.com, lassmandr77558@notify.bestcase.com)

- Michael L. Mahoney on behalf of Creditor Construction Source Management, LLC (michael@mlmesq.com)

- Jesse I. Redlener on behalf of Creditor JBH Advisory LLC
  (jredlener@ascendantlawgroup.com, redlener.jesseb112050@notify.bestcase.com)

- Lee Harrington on behalf of Creditor JBH Advisory LLC
  (lh@ascendantlawgroup.com)

- Christopher Marks on behalf of Creditor SHS ACK, LLC (cmarks@curranantonelli.com, curranantonelli@ecf.courtdrive.com)

- Matthew J. McGowan on behalf of Interested Party Ian Marsh
  (mmcgowan@smsllaw.com, acarlow@smsllaw.com)

- William S. McMahon on behalf of Debtors (wmcmahon@dmlawllp.com)

- Harold B. Murphy on behalf of Other Party Shubh Patel LLC
  (bankruptcy@murphyking.com, dkonusevska@murphyking.com)

*/s/ Thomas H. Curran*
Thomas H. Curran