# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# (EASTERN DIVISION)

| | |
|---|---|
| **In re:**<br><br>**NESV ICE, LLC, *et al.*,**[1]<br><br>**Debtors.** | **Chapter 11**<br>**Case No. 21-11226-CJP**<br>**(Jointly Administered)** |

### OBJECTION OF CONSTRUCTION SOURCE MANAGEMENT, LLC
### TO PROPOSED ORDER REGARDING DISCOVERY FOR
### PHASE 2 OF PLAN CONFIRMATION PROCESS

NOW COMES Construction Source Management, LLC ("CSM"), a secured creditor in these proceedings, and hereby objects to the Proposed Order Regarding Discovery for Phase 2 of Plan Confirmation Process (the "Proposed Order") submitted by the Debtors and Plan Proponents *[Dkt. 737]*. In support hereof, CSM respectfully states as follows:

1. The Proposed Order is submitted in connection with Phase 2 of the Plan[2] submitted by the Debtors and Plan Proponents. Through the Proposed Order, the Plan Proponents seek to significantly curtail discovery regarding the Plan. The restrictions proposed by the Plan Proponents are inappropriate.

2. As the Court is aware, Phase 1 of the Confirmation Hearing was intended to be a limited proceeding. As set forth in this Court's Order Regarding Discovery Schedule and ESI Protocol *[Dkt. 440]* entered June 6, 2022 (the "Phase I Order"), Phase 1 was limited to estimation of the claims of SHS, CSM, and ASVL. See Phase 1 Order, Page 1.

---

[1] The debtors in these Chapter 11 cases, along with the last four digits of each debtor's tax identification number, are as follows: NESV Ice, LLC (1262), NESV Swim, LLC (5919), NESV Tennis, LLC (6937), NESV Land East, LLC (4138), NESV Field, LLC (5539), NESV Hotel, LLC (9151), and NESV Land, LLC (2353).

[2] Initially capitalized terms not otherwise defined shall have the meanings ascribed to them in the Proposed Order.

{Client Matter 31801/00001/A8258008.DOC}

3. Phase 2 of the Confirmation Hearing, in contrast, is intended to address all of the other issues related to confirmation of the Plan including, without limitation, whether the Plan Proponents have met their burden on each and every element necessary for Plan confirmation, feasibility of the Plan, the accuracy of the Debtors' plan projections, and the Plan Proponents' good faith in proposing the Plan.

4. Both SHS and CSM have filed objections raising numerous factual and legal issues with the Plan, including challenges to the Plan's feasibility, the proposed use of substantive consolidation, whether the Plan has been accepted by an impaired class of non-insider creditors, and whether the Plan has been proposed in good faith.

5. Through the Proposed Order, the Plan Proponents seek to limit CSM's ability to take discovery on each of those issues, while at the same time seeking to avoid this Court's determination as to value from Phase 1 of the Confirmation Hearing.

6. Comparing the Proposed Order with the changes requested by CSM and SHS, along with the Phase 1 Order, make clear the Plan Proponents' intent to unduly limit parties' ability to challenge confirmation:

(a) In paragraph 1 of the Proposed Order, the Plan Proponents rejected the request by SHS and CSM to include interrogatories, and also eliminated requests for admission that had been included in the Phase 1 Order.

(b) The Plan Proponents rejected language allowing CSM and SHS to take discovery on any and all matters raised in the pending objections to confirmation or any supplemental objections filed in response to the Plan Proponents' updated plan projections and plan amendments.

(c) CSM requested that the Plan Proponents file their updated Plan Projections and appraisal one week prior to CSM having to file its rebuttal appraisal. That timing was intended to allow objecting parties a meaningful ability to respond to what may be wholesale changes to the Plan, the asserted appraised value of the ice rink property, and projections for future performance.

    (d) The Plan Proponents also seek to limit the parties to be called for deposition prior to disclosing their new financial projections and each party who participated in preparing those projections.

    (e) Paragraph 5 appears to limit the impact of the waiver of attorney-client privilege with respect to matters disclosed in the District Court litigation to only those parties to that litigation, excluding CSM.

   7. In short, while Phase 1 was intended to be a limited proceeding, Phase 2 is intended to address all of the issues regarding the Plan of the ice rink, which the Proposed Order would impermissibly curtail CSM's ability to oppose confirmation of the Plan while allowing the Plan Proponents to challenge the valuation of the ice rink (which <u>was</u> to have been resolved during Phase 1).

WHEREFORE, CSM respectfully requests that this Court enter an Order consistent with the comments provided to the Plan Proponents by CSM and SHS, and grant such other and further relief as is just.

Respectfully submitted,

**CONSTRUCTION SOURCE MANAGEMENT, LLC**

By its counsel,

    /s/ Paul W. Carey
Paul W. Carey, BBO #566865
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608
Phone: 508.791.8500
Fax:    508.791.8502
Email: pcarey@mirickoconnell.com

*-and-*

Michael L. Mahoney, BBO #557562
Michael L. Mahoney PC
45 Braintree Hill Office Park, Suite 202
Braintree, MA 02184
Phone: 781.843.2354

Dated:  April 5, 2023    Email: michael@mlmesq.com

## CERTIFICATE OF SERVICE

I hereby certify that, on April 5, 2023, the foregoing document was filed with the United States Bankruptcy Court – District of Massachusetts and served upon all parties entitled to receive notice of filings in the above-captioned case via the Bankruptcy Court's Electronic Case Filing (ECF) system.

By: /s/  Paul W. Carey
      Paul W. Carey, Esq.